TO: The Chief Deputy Clerk        APPEAL NO. 12-14-00350-CV
     Katrina Mclenny               Trial No. 87-12099
     of The Twelfth Court
     of Appeals Tyler Texas

RE: ANTHONY GOZDOWSKI #1000320
     V.
     T.D.C.J.-I.D.,Larry Berger,
     Mark Sandlin,Michael Odom,
     Preston Maxwell

Dated December 17,2014

FILED IN COURT OF APPEALS
12th Court of Appeals District

DEC 29 2014

TYLER TEXAS
CATHY S. LUSK, CLERK

Dear Ms. Mclenny,

I have enclosed my docketing statment to the court, along with an AFFIDAVIT OF PREVIOUS FILINGS (Please Attach to My Affidavit of Indegence). I have also sent a Motion for Rehearing due to the courts dismissal of my case. I have also sent a Motion for Suspention of Rule 9 T.R.A.P.. Will you please file these with the Honorable Court for a ruling. I am furthermore unable to make copies in order to provide service in a timely matter therefore will you please E-File the fore-going documents to Gregg Abbott at WWW.OAG.TX.GOV.COM.

I would further like to deeply apologize to the Honorable Court for failing to Include an Affidavit of previous filings with my Affidavit of Indegency, Some one probable an offender tore Pages 66-68 out of Chapt 14.002 of the C.P.R.C. and this is the reason I had no notice of the statue requirment that the Affidavit of Previous Filings also be filed on Appeal.

Thank You,Very Much

Signed _Curtt Syh 1000320_
           Anthony Gozdowski #1000320
           Michael Unit 2664 FM 2054
           Tennessee Colony Texas 75886

ANTHONY GOZDOWSKI #1000320  
V.  
T.D.C.J.-I.D.,LARRY BERGER,  
MARK SANDLIN,MICHAEL ODOM,  
PRESTON MAXWELL

APPEAL NO. 12-14-00350-CV  
TRIAL NO. 87-12099

§  
§  
§  
§

IN THE TWELFTH

COURT OF APPEALS

FILED IN COURT OF APPEALS  
12th Court of Appeals District  
TYLER, TEXAS

DEC 29 2014

TYLER TEXAS  
CATHY S. LUSK, CLERK

## MOTION FOR REHEARING

**NOW COMES**, Anthony Gozdowski #1000320 in The Twelfth Court of Appeals and inthere would Respectfully request the Honorable Court to grant him a Rehearing in the above mentioned appeal and therefore will show as follows:

I.

Appellants review was dismissed due to his failure to file an Affidavit of Previous filings that should have been attached to his affidavit of Indegence pursuent to C.P.R.C. 14.002 whereas amended in 2012 the requirment of the Affidavit of previous filings must be filed in an appeals.

**REASONS FOR THE FAILURE TO FILE REQUISITE AFFIDAVIT OF PREVIOUS FILINGS:**

Appealant has to rely on the Michael Unit Law Library to do his legal research and in Chapt. 1-16 of the C.P.R.C. Chapter 14.002 has been torn out of the book for some time now and therefore it was not for due dilegence that Appellant failed to comply with the statutory requirments of Chap. 14.002. **The Honorable Court can call The Mi. Unit Law Library (Ms. Smith,Mr.Mcray,Ms.Stotts) to** verify this.

Appellant has never before filed a civil suit for any means other to attack his criminal conviction and inthere such an Affidavit is not required or was not required in 2003 till 2006, Therefore Appellant did not have general knowledge of the Affidavit.

II.

Appellants GROUNDS FOR APPELLATE REVIEW ARE MERITORIOUS and if given the opportunity to continue the appeal The Honorable Court would give a favorable ruling, Where the Trial Court Judge Abused her Discretion in her ruling to dismiss,i.e. The Trial Court Ruled on a Suit Styled ANTHONY GOZDOWSKI **#541668 V. LONNELL WEST** Then stated his case against Lonnell West was being dismissed for failing to file an Affidavit of Indegence and a copy of the written decision from the grievance system.

A). **Appellant's TDCJ-ID Number is 1000320 and not 541668 as the trial court alleged.**

B). **APPELLANT'S SUIT IS STYLED ANTHONY GOZDOWSKI #1000320 V. TDCJ-ID, LARRY BERGER, MICHAEL ODOM, and PRESTON MAXWELL, NOT ANTHONY GOZDOWSKI #541668 V. LONNELL WEST AS THE TRIAL COURT HAS ALLEGED.**

Page 1. of 3.

## MOTION FOR REHEARING (CONT.)

**C). APPELLATE DID FILE AN AFFIDAVIT OF INDEGENCY AS WELL AS A COPY OF THE FINAL DECISION OF THE GRIEVANCE SYSTEM AS REQUIRED PURSUENT TO CPRC Chapt 14.005.**

1). The trial court lacked "SUBJECT MATTER JURISDICTION" to make a ruling in a cause that was never filed thus styled Anthony Gozdowski V. Lonnell West and this renders the trial courts judgment Void.

2). The trial court abused it's descretion by dismissing cause 87-12099 without reviewing the Petition for suit as well as the requisite Affidavits with the step-1 and step-2 grievance decisions.

3). The trial court abused her descretion in failing to rule on Appellants Motions:

(a). Motion for New Trial.

(b). Motion to Recind Dismissal Order and Reinstate Cause.

(c). Motion to Correct Clerical Record TRCP 316.

### III.

The trial court has refused to adhere to Appellants request for filemarked copies of the trial record and has even ignored Appellant's Father Gerald Gozdowski's writen request pursuent to Tx.Gov Code 552. for public Information (Copy of Record).

### UNSWORN DECLARATION

I Anthony Gozdowski #1000320 hereby swear and declare that the foregoing is true and correct to the best of my knowledge.          SIGNED _Anthony Gozdowski_ 1000320 DATED 12-17-14

### PRAYER

I Anthony Gozdowski #1000320 Pray that the Honorable Judge (s) hereby grant his Motion for Rehearing for the reasons stated herein.          SIGNED _Anthony Gozdowski_ 1000320 DATED 12-17-14

### CERTIFICATE OF SERVICE

I Anthony Gozdowski hereby Certify that a true and correct copy of the foregoing Motion has been sent To Gregg Abbott Via the Appellat Courts E-Filing System at WWW.OAG.TX.GOV.COM, or Via U.S. Mail at Gregg Abbott OAG 209 W. 14th St. P.O.Bx.12548 Austin Tx.78711-2548.

MOTION FOR REHEARING (CONT.)

DATED 12-17-14                                          SIGNED *Arthy Gydski* 1000320

ORDER

**CAME TO BE HERD** on this _____ day of _____ month 2014 Appellant's "Motion For

Rehearing" and therefore it is in all things hereby Ordered, Adjudged, and Decreed

That Appellant's Motion be            **(GRANTED)**            OR            **(DENIED)**


_____
Presiding Judge

| Appellate Docket Number: 12-14-00350 | FILED IN COURT OF APPEALS<br>12th Court of Appeals District<br>DEC 29 2014<br>TYLER TEXAS<br>CATHY S. LUSK, CLERK |
|---|---|

Appellate Case Style:    T.D.C.J.-I.D.

ANTHONY    Vs.    LARRY BERGER, MARK SANDLIN,
GOZDOWSKI        MICHAEL ODOM, PRESTON MAXWELL

Companion Case No.: 87-12099

---

Amended/corrected statement:

## DOCKETING STATEMENT (Civil)

Appellate Court:

(to be filed in the court of appeals upon perfection of appeal under TRAP 32)

---

| **I. Appellant** | **II. Appellant Attorney(s)** |
|---|---|
| [X] Person   [ ] Organization (choose one) | [ ] Lead Attorney   N/A |
| | First Name: |
| | Middle Name: |
| First Name: ANTHONY | Last Name: |
| Middle Name: EDWARD | Suffix: |
| Last Name: GOZDOWSKI | Law Firm Name: |
| Suffix:   #1000320 | Address 1: |
| Pro Se: (X) | Address 2: |
| | City: |
| | State:   Texas      Zip+4: |
| | Telephone:      ext. |
| | Fax: |
| | Email: |
| | SBN: |

| **III. Appellee** | **IV. Appellee Attorney(s)** |
|---|---|
| [X] Person   [X] Organization (choose one) | [X] Lead Attorney   Gregg Abbott A.G. |
| | First Name: Gregg |
| | Middle Name: N/A |
| First Name: T.D.C.J.-I.D., LARRY BERGER, MARK SANDLIN, MICHAEL ODOM, PRESTON MAXWELL | Last Name: Abbott |
| Middle Name: | Suffix: Attorney General |
| Last Name: | Law Firm Name: O.A.G. |
| Suffix: | Address 1: 209 W. 14th Street P.O. Box 12548 |
| Pro Se: ( ) | Address 2:     Austin Texas 78711-2548 |
| | City: Austin Texas |
| | State:   Texas      Zip+4: 78711-2548 |
| | Telephone: N/A      ext. |
| | Fax: N/A |
| | Email: www.tx.gov.com |
| | SBN: |

## V. Perfection Of Appeal And Jurisdiction

Nature of Case (Subject matter or type of case): Civil: Tort Claim, Theft Liability Claim, Common Nusience Claim

Date order or judgment signed: September 2, 2014    Type of judgment: Dismissed w/Prej.

Date notice of appeal filed in trial court: December 6, 2014

If mailed to the trial court clerk, also give the date mailed: November 29, 2014

Interlocutory appeal of appealable order: ☐ Yes ☒ No

If yes, please specify statutory or other basis on which interlocutory order is appealable (See TRAP 28):

Accelerated appeal (See TRAP 28): ☐ Yes ☒ No

If yes, please specify statutory or other basis on which appeal is accelerated:

Parental Termination or Child Protection? (See TRAP 28.4): ☐ Yes ☒ No

Permissive? (See TRAP 28.3): ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Agreed? (See TRAP 28.2): ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Appeal should receive precedence, preference, or priority under statute or rule: ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Does this case involve an amount under $100,000? ☒ Yes ☐ No

Judgment or order disposes of all parties and issues: ☐ Yes ☒ No

Appeal from final judgment: ☒ Yes ☐ No

Does the appeal involve the constitutionality or the validity of a statute, rule, or ordinance? ☐ Yes ☒ No

## VI. Actions Extending Time To Perfect Appeal

| | | If yes, date filed |
|---|---|---|
| Motion for New Trial: | ☒ Yes ☐ No | September 28, 2014 |
| Motion to Modify Judgment: | ☒ Yes ☐ No | September 28, 2014 |
| Request for Findings of Fact and Conclusions of Law: | ☐ Yes ☒ No | |
| Motion to Reinstate: | ☒ Yes ☐ No | September 28, 2014 |
| Motion under TRCP 306a: | ☐ Yes ☒ No | |
| Other: TRCP 316 | ☒ Yes ☐ No | Correction of Clerks Record in Judgment Filed October 22, 2014  To Best of my Knowledge |

If other, please specify:

## VII. Indigency Of Party: (Attach file-stamped copy of affidavit, and extension motion if filed.)

Affidavit filed in trial court: ☒ Yes ☐ No    If yes, date filed: August 9, 2014

Contest filed in trial court: ☐ Yes ☒ No    If yes, date filed: N/A

Date ruling on contest due: N/A

Ruling on contest: ☐ Sustained    ☐ Overruled    Date of ruling: N/A

## VIII. Bankruptcy

Has any party to the court's judgment filed for protection in bankruptcy which might affect this appeal?  ☐ Yes  ☒ No

If yes, please attach a copy of the petition.

Date bankruptcy filed: N/A

Bankruptcy Case Number:

## IX. Trial Court And Record

Court: 87th District Court

County: Anderson

**Trial Court Docket Number (Cause No.):** 87-12099

Trial Judge (who tried or disposed of case):

First Name: Deborah

Middle Name: N/A

Last Name: Oats-Evans

Suffix:

Address 1: 500 N. Church St. Rm.18 Palestine Tx. 75801-2913

Address 2 :

City: Palestine

State: Texas          Zip + 4: 75801-2913

Telephone: (903)723-7412     ext.

Fax: N/A

Email: N/A

Clerk's Record:

Trial Court Clerk:  ☒ District  ☐ County

Was clerk's record requested?  ☒ Yes  ☐ No

If yes, date requested: November 29,2014

If no, date it will be requested:

Were payment arrangements made with clerk? ☐Yes ☒No

**(Note: No request required under TRAP 34.5(a),(b))**

Reporter's or Recorder's Record:

Is there a reporter's record?          ☐ Yes ☒ No

Was reporter's record requested?      ☒ Yes ☐ No

Was there a reporter's record electronically recorded? ☐ Yes ☒ No

If yes, date requested:     November 29,2014

If no, date it will be requested:

Were payment arrangements made with the court reporter/court recorder? ☐Yes ☒ No

☐ Court Reporter      ☐ Court Recorder
☒ Official      ☐ Substitute

First Name: N/A

Middle Name: N/A

Last Name: N/A

Suffix:

Address 1: 500 N. Church St. Rm.18 Palestine Tx 75801-2913

Address 2:

City: Palestine

State: Texas      Zip + 4: 75801-2913

Telephone: (903)723-7412    ext.

Fax:

Email: N/A

Add Another Reporter

## X. Supersedeas Bond

Supersedeas bond filed: ☐ Yes ☒ No    If yes, date filed:

Will file: ☐ Yes ☒ No

## XI. Extraordinary Relief

Will you request extraordinary relief (e.g. temporary or ancillary relief) from this Court? ☐ Yes ☒ No

If yes, briefly state the basis for your request:

## XII. Alternative Dispute Resolution/Mediation (Complete section if filing in the 1st, 2nd, 4th, 5th, 6th, 8th, 9th, 10th, 11th, 12th, 13th, or 14th Court of Appeal)

Should this appeal be referred to mediation?    ☒ Yes ☐ No

If no, please specify:

Has the case been through an ADR procedure? ☐ Yes ☒ No

If yes, who was the mediator?

What type of ADR procedure?

At what stage did the case go through ADR? ☐ Pre-Trial ☐ Post-Trial ☐ Other

If other, please specify:

Type of case? Civil

Give a brief description of the issue to be raised on appeal, the relief sought, and the applicable standard for review, if known (without prejudice to the right to raise additional issues or request additional relief):

Trial Court Judge Abused her Discretion and Lacked Subject Matter Jurisdiction in said Cause by rendering judgment on Petition NEVER FILED between Parties.

How was the case disposed of? Dismissed With Prejudist

Summary of relief granted, including amount of money judgment, and if any, damages awarded. N/A

If money judgment, what was the amount? Actual damages: N/A

Punitive (or similar) damages: N/A

Attorney's fees (trial): N/A

Attorney's fees (appellate): N/A

Other: Pro-Se

If other, please specify: N/A

Will you challenge this Court's jurisdiction? ☐ Yes ☒ No

Does judgment have language that one or more parties "take nothing"? ☐ Yes ☒ No

Does judgment have a Mother Hubbard clause? ☐ Yes ☒ No

Other basis for finality? N/A

Rate the complexity of the case (use 1 for least and 5 for most complex): ☒ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5

Please make my answer to the preceding questions known to other parties in this case. ☒ Yes ☐ No

Can the parties agree on an appellate mediator? ☒ Yes ☐ No

If yes, please give name, address, telephone, fax and email address:

| Name N/A | Address | Telephone | Fax | Email |
|----------|---------|-----------|-----|-------|

Languages other than English in which the mediator should be proficient: N/A

Name of person filing out mediation section of docketing statement: Anthony Gozdowski #1000320

## XIII. Related Matters

List any pending or past related appeals before this or any other Texas appellate court by court, docket number, and style.

Docket Number: None                    Trial Court:

Style:

Vs.

## XIV. Pro Bono Program: (Complete section if filing in the 1st, 3rd, 5th, or 14th Courts of Appeals)

The Courts of Appeals listed above, in conjunction with the State Bar of Texas Appellate Section Pro Bono Committee and local Bar Associations, are conducting a program to place a limited number of civil appeals with appellate counsel who will represent the appellant in the appeal before this Court.

The Pro Bono Committee is solely responsible for screening and selecting the civil cases for inclusion in the Program based upon a number of discretionary criteria, including the financial means of the appellant or appellee. If a case is selected by the Committee, and can be matched with appellate counsel, that counsel will take over representation of the appellant or appellee without charging legal fees. More information regarding this program can be found in the Pro Bono Program Pamphlet available in paper form at the Clerk's Office or on the Internet at www.tex-app.org. If your case is selected and matched with a volunteer lawyer, you will receive a letter from the Pro Bono Committee within thirty (30) to forty-five(45) days after submitting this Docketing Statement.

Note: there is no guarantee that if you submit your case for possible inclusion in the Pro Bono Program, the Pro Bono Committee will select your case and that pro bono counsel can be found to represent you. Accordingly, you should not forego seeking other counsel to represent you in this proceeding. By signing your name below, you are authorizing the Pro Bono committee to transmit publicly available facts and information about your case, including parties and background, through selected Internet sites and Listserv to its pool of volunteer appellate attorneys.

Do you want this case to be considered for inclusion in the Pro Bono Program?  ☒ Yes ☐ No

Do you authorize the Pro Bono Committee to contact your trial counsel of record in this matter to answer questions the committee may have regarding the appeal?  ☒ Yes ☐ No

Please note that any such conversations would be maintained as confidential by the Pro Bono Committee and the information used solely for the purposes of considering the case for inclusion in the Pro Bono Program.

If you have not previously filed an affidavit of Indigency and attached a file-stamped copy of that affidavit, does your income exceed 200% of the U.S. Department of Health and Human Services Federal Poverty Guidelines?  ☐ Yes ☒ No

These guidelines can be found in the Pro Bono Program Pamphlet as well as on the internet at http://aspe.hhs.gov/poverty/06poverty.shtml.

Are you willing to disclose your financial circumstances to the Pro Bono Committee? ☒ Yes ☐ No

If yes, please attach an Affidavit of Indigency completed and executed by the appellant or appellee. Sample forms may be found in the Clerk's Office or on the internet at http://www.tex-app.org. Your participation in the Pro Bono Program may be conditioned upon your execution of an affidavit under oath as to your financial circumstances.

Give a brief description of the issues to be raised on appeal, the relief sought, and the applicable standard of review, if known (without prejudice to the right to raise additional issues or request additional relief; use a separate attachment, if necessary).

The Trial Court Judge Abused her descretion by not having subject matter jurisdiction too dismiss Appellant's Petition for suit, a suit Style ANTHONY GOZDOWSKI V. LONNELL WEST which is not the suit that Appellant filed in the 87th District Court. The suit Appellant filed is Styled ANTHONY GOZDOWSKI #1000320 V. T.D.C.J.-I.D.,LARRY BERGER,MARK SANDLIN,MICHAEL ODOM, and PRESTON MAXWELL. Therefore rendering the Judgement void.

## XV. Signature

_Anthony Gozdowski_
Signature of counsel (or pro se party)

Date: 12-18-2014

Printed Name: Anthony Gozdowski #1000320

State Bar No.:

Electronic Signature:
(Optional)

## XVI. Certificate of Service

The undersigned counsel certifies that this docketing statement has been served on the following lead counsel for all parties to the trial court's order or judgment as follows on

_(signature)_
_____
Signature of counsel (or pro se party)

Electronic Signature:
(Optional)

State Bar No.:

Person Served

Certificate of Service Requirements (TRAP 9.5(e)): A certificate of service must be signed by the person who made the service and must state:

    (1) the date and manner of service;
    (2) the name and address of each person served, and
    (3) if the person served is a party's attorney, the name of the party represented by that attorney

Please enter the following for each person served: GREGG ABBOTT Attorney for T.D.C.J.-I.D., LARRY BERGER, MARK SANDLIN, MICHAEL ODOM, and PRESTON MAXWELL

Date Served:

Manner Served: U.S. MAIL Via The Appeal Court Clerk/ Via Appeal court E-File Systems

| First Name: | TDCJ-ID, | LARRY, | MARK, | MICHAEL, | PRESTON |
|---|---|---|---|---|---|
| Middle Name: | N/A | N/A | N/A | N/A | N/A |
| Last Name: | N/A | BERGER | SANDLIN | ODOM | MAXWELL |

Suffix:

Law Firm Name: GREGG ABBOTT: TEXAS ATTORNEY GENERAL

Address 1: 209 West 14th Street P.O. Box 12548

Address 2:

City: Austin

State Texas     78711- Zip+4: 2548

Email:

If Attorney, Representing Party's Name: GREGG ABBOTT

ANTHONY GOZDOWSKI #1000320  
V.  
T.D.C.J.-I.D.,LARRY BERGER,  
MARK SANDLIN,MICHAEL ODOM,  
PRESTON MAXWELL

CAUSE NO. 87-12099  
APPEAL NO. 12-14-00350

§  
§  
§  
§

IN THE TWELFTH

FILED IN COURT OF APPEALS  
12th Court of Appeals District  
COURT OF APPEALS  
TYLER, TEXAS

DEC 29 2014

TYLER TEXAS  
CATHY S. LUSK, CLERK

## AFFIDAVIT OF PREVIOUS FILINGS

I Anthony Gozdowski #1000320 have never file a civil suit pro-se in any court of any jurisdiction without an attorney, Except for The criminal conviction for which I am Incarcerated, i.e.; An C.C.P. Article 11.07 in the Court of Criminal Appeals, A U.S.C. § 2254 In The Northern District of Texas and A Certificate of Appellability to the 5th Circuit Court in New Orleans Luisiana.

Appellant's Previous filings:

1). C.C.P. Art. 11.07 filed through the 396th Judicial Court on October 15,2003 and Denied on August 25,2004, In Ex-parte Anthony Gozdowski. This Application was filed due to Ineefective Assistance of Counsel, Innefective Assistance of Appeal Counsel, Prosecutorial Misconduct and Unconstitutionally empanelled Jury. The Application was Denied Without Written Order in writ number 58,562-01.

2). U.S.C. § 2254 was Filed on October 21,2004 and Denied on May 5,2005 In Anthony Gozdowski v. TDCJ-ID This Application file due to Ineffective Assistance of Trial Counsel, Ineffective Assistance of Appeal Counsel, Prosecutorial Misconduct, and Unconstitutionally empanelled jury. The Applicant was denied without writen order in Federal writ no. 4:04-CV-0768-A

3). Federal Certificate of Appellability was filed on June 29,2005 and denied January 12,2006 in Anthony Gozdowski v. TDCJ-ID, This COA was filed due to ineffective Assistance of counsel, Ineffective Assistance of Appeal counsel, Prosecutorial misconduct, and Unconstitutionally empanelled jury. The COA was denied without writen order in COA No. 0510676.

## UNSWORN DECLARATION

I Anthony Gozdowski #1000320 hereby swear and declare under penalty of purjury that the foregoing is true and correct to the best of my knowledge.

Dated December 14,2014

Signed _Autt Dylobi #1000320_  
ANTHONY GOZDOWSKI #1000320  
Mi.Unit 2664 FM 2054  
Tennessee Colony Tx. 75886

Page 1. of 1.